·*In re* LLOYD, Bankrupt.

(*District Court, W. D. Pennsylvania.*   April 22, 1882.)

1. BANKRUPTCY—SALE BY ASSIGNEE.
    Where assignees in bankruptcy made a lumping sale of the bankrupt's real estate, which should have been sold in separate parcels in accordance with a town plan, and by reason of such mistake in the manner of sale the property was greatly sacrificed, the court will set aside such sale even after confirmation, no deed having been executed.

2. SAME—INDEMNIFICATION.
    But the purchaser having acted in entire good faith should be fully and liberally indemnified for all damages, costs, and expenses to which he has been subjected, and the order setting aside the sale will be conditioned upon his indemnification.

In Bankruptcy.   *Sur* petition of assignees to set aside sale of real estate to Christian Brenicka.

*George M. Reade* and *George Shiras, Jr.*, for assignees.

*Samuel S. Blair,* for purchaser.

ACHESON, D. J.   It is said by Mr. Justice Miller in *Railroad Co.* v. *Soutter,* 5 Wall. 662, that "the act of confirming or setting aside a sale made by a commissioner in chancery often involves the exercise of judgment and discretion as delicate as that called for by any function which belongs to the court."   Of the truth of this observation I have had lively experience in dealing with the present case.   The evidence impresses me with the good faith of Mr. Brenicka from first to last, and were this a contest simply between him and the assignees personally, I would refuse to interfere with the sale, in view of all the circumstances.   But the real parties on the side of the petition are the innocent creditors of the bankrupt.

Notwithstanding the want of precision in the petition, and the confusion which characterizes the testimony taken to support it, one fact is plain, viz.: that the assignees made a lumping sale of 21 acres of

ground lying within the limits of Altoona, constituting part of the general city plan, and divided into blocks by the avenues, streets, and alleys of the plan. This was the real mistake the assignees made. The court would not have authorized the sale of this property by the acre nor confirmed the sale, had the facts been disclosed. The register reports that (exclusive of highways) the blocks are susceptible of such subdivision into ordinary city lots as to give five lots to the acre, and that these lots were worth at the time of the sale $100 each. Perhaps this estimated value is too high, but the uncontradicted evidence tends to show that the property was greatly sacrificed by reason of the improper manner in which it was sold. The loss to the creditors is apparently so very great that a sense of duty to them constrains me to take off the confirmation and set aside the sale. I have no doubt of the power of the court to set aside a sale even after confirmation, (no deed having yet been executed,) where it appears that the property has been sold at a great undervalue on account of such mistake in the manner of sale as these assignees made. Act of June 22, 1874, (18 St. at Large, 178;) 1 Bump, Bky. 567; 2 Samuel, Ch. 1288; *Connelly* v. *Philadelphia*, 86 Pa. St. 110. But where the court is obliged to order a resale of property purchased in good faith, the former purchaser should be fully and liberally indemnified for all damages, costs, and expenses to which he has been subjected. *Duncan* v. *Dodd*, 2 Paige, Ch. 99, 101; 9 Paige, Ch. 264; 2 Daniell, Ch. 1284, note.

Mr. Brenicka is entitled to the fullest indemnity. He purchased and has acted throughout in the best of faith. He borrowed money to make his hand payment, and without any fault of his own has been involved in the expenses and losses of a vexatious lawsuit. He had a perfect right to resist a resale, and to employ counsel to oppose this application. *Duncan* v. *Dodd, supra*. For his indemnification I think he is equitably entitled to receive the sum of $1,000. The assignees once offered him half that amount. The order to set aside the sale will be conditional.

And now, April 22, 1882, upon consideration, the order heretofore made, confirming the sale to Christian Brenicka, is rescinded and said sale set aside, upon condition, however, that out of the funds of the bankrupt's estate the assignees pay to said Brenicka the sum of $1,000; the costs of this proceeding to be paid out of the estate.